1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2

3      ------------------------------X
                                     :
4      UNITED STATES OF AMERICA      :   08-CR-798 (DLI)
                                     :
5                 v.                 :
                                     :   October 1, 2009
6      WILFRIDO CARABALLO,           :   Brooklyn, New York
                                     :
7                 Defendant.         :
       ------------------------------X
8
               TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
9              BEFORE THE HONORABLE STEVEN M. GOLD
                    UNITED STATES MAGISTRATE JUDGE
10

11     APPEARANCES:

12

13     For the Government:        United States Attorney's Office
                                  BY:  STEPHEN FRANK, ESQ.
14                                Assistant United States Attorney
                                  225 Cadman Plaza East
15                                Brooklyn, New York  11201

16     For the Defendant:         LAWRENCE K. FEITELL, ESQ.
                                  225 Broadway
17                                New York, New York  10007

18

19     Interpreter:               PETER ANDERSON

20

21     Court Transcriber:         CARLA NUTTER
                                  TypeWrite Word Processing Service
22                                211 N. Milton Road
                                  Saratoga Springs, New York  12866

23

24

25

       Proceedings recorded by electronic sound recording,
       transcript produced by transcription service

1         THE CLERK:  Criminal Cause for Guilty Plea, <u>United</u>

2  <u>States of America v. Wilfrido Caraballo</u>, 08-CR-798.  Counsel,

3  please state your appearances for the record.

4         MR. FRANK:  Steve Frank for the United States, Your

5  Honor.  Good afternoon.

6         MR. FEITELL:  For the defendant, Lawrence Feitell.

7         With the Court's permission I would like to have my

8  associate, Bennett Feitell, who is in my office and assists me

9  in all of my handling of cases, to sit in on this guilty plea.

10         THE COURT:  Certainly.

11         MR. FEITELL:  Thank you, Judge.

12         THE COURT:  I'm pleased to have you.

13         MR. B. FEITELL:  Thank you, Your Honor.

14         THE COURT:  I see we have a court certified Spanish

15  interpreter.  Please state your name for our record.

16         THE INTERPRETER:  Yes.  Good afternoon, Your Honor.

17  Peter Anderson.

18         THE COURT:  Thank you, Mr. Anderson.

19         All right.  Mr. Caraballo, are you able to understand

20  what I -- it's all right, Mr. Feitell, he can be seated.

21         Are you able to understand what is I'm saying as it

22  is translated into Spanish for you by Mr. Anderson?

23         THE DEFENDANT:  Yes.

24         THE COURT:  The reason you are before the Court today

25  is that your lawyer indicates that you wish to enter a plea of

3

1    guilty to a lesser included offense within Count One of the

2    indictment in which you are charged.

3           Before I may hear any guilty plea you might choose to

4    offer I want to make sure you understand that I'm not the Judge

5    who is presiding over your case.  The Judge in your case is

6    United States District Judge Irizarry.  Judge Irizarry is the

7    Judge who will decide whether any guilty plea you offer should

8    be accepted and if it is, how your sentence should be

9    calculated.

10          I am a Magistrate Judge.  I do not have the authority

11   under the law to formally accept your plea or decide your

12   sentence.

13          If you wish you have the absolute right to present

14   your guilty plea to Judge Irizarry on another day convenient to

15   Her Honor.  If that were your choice there would be no

16   prejudice to you.  You would be permitted to plead guilty on

17   the same terms and conditions being offered to you now but on

18   another day that is convenient to Judge Irizarry.

19          In the alternative though, if I have your consent and

20   agreement I do have the authority to be the Judge who listens

21   to your plea of guilty.  If you agree to proceed before me this

22   entire proceeding will be recorded and the recording will be

23   transcribed so that Judge Irizarry has a complete written

24   record of everything we've said before she's called upon to

25   decide whether your plea should be accepted or how your

4

1   sentence should be determined.  Is this clear to you?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Do you wish to give up your right to have

4   Judge Irizarry hear your plea and do you agree to proceed

5   instead before me?

6            THE DEFENDANT:  It should be you.  It's not a

7   problem.

8            THE COURT:  Are you making this decision voluntarily

9   and of your own free will?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Have you been threatened or pressured in

12   any way to agree to this?

13           THE DEFENDANT:  No.

14           THE COURT:  Can you see this form from where you sit?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Was this form reviewed with you carefully

17   by your lawyer and did you understand it and did you sign it?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Mr. Feitell, do you know of any reason

20   why your client should not consent to proceed before me for

21   these purposes?

22           MR. FEITELL:  I know of no reason, Your Honor.

23           THE COURT:  Thank you.  Mr. Feitell, are you

24   appointed or retained?

25           MR. FEITELL:  I am appointed.

5

1          THE COURT:  Thank you, sir.

2          MR. FEITELL:  CJA.

3          THE COURT:  Mr. Caraballo, before I may recommend

4  that Judge Irizarry accept any plea of guilty you might choose

5  to offer today, I'm going to have to ask you a long list of

6  questions.  The questions are very important.  They're designed

7  to make sure that you understand what a serious decision you

8  are about to make but they are also designed to protect the

9  prosecution and the Court by creating a record that will show

10 that I explained you rights to you, you told me you understood

11 your rights and you agreed to give up your rights and once that

12 happens any plea of guilty that you offer will be legally valid

13 and permanently binding.  So I urge you to listen carefully to

14 my questions and if I ask you anything that you are not sure

15 you understand I urge you to tell me and give me an opportunity

16 to try and rephrase the question and make it clearer to you.

17 Do you understand everything I've said so far?

18          THE DEFENDANT:  Yes.

19          THE COURT:  It's so important that you're truthful

20 today that I will ask that you be placed under oath before I

21 proceed further.

22          THE CLERK:  Please stand and raise your right hand.

23              (Wilfrido Caraballo, Defendant, Sworn.)

24          THE COURT:  You may be seated.  Now that you have

25 taken an oath, when you answer my questions you do so under the

6

1    penalties of perjury or making a false statement.  That means

2    that if you lie to me during this proceeding the prosecution

3    may bring new charges against you just for that.  Do you

4    understand?

5              THE DEFENDANT:  Yes.

6              THE COURT:  What is your full name?

7              THE DEFENDANT:  Wilfrido Raphael Caraballo Castillo.

8              THE COURT:  Tell me your age.

9              THE DEFENDANT:  I am 28 years old.

10             THE COURT:  How far did you go in school?

11             THE DEFENDANT:  Third grade.

12             THE COURT:  How old were you when you stopped going

13   to school?

14             THE DEFENDANT:  I was nineteen years old.

15             THE COURT:  Are you having any problem understanding

16   the interpreter as he's translating everything into Spanish?

17             THE DEFENDANT:  No.

18             THE COURT:  Are you now or have you recently been in

19   the care of a medical doctor, psychologist or other healthcare

20   professional for any physical or mental problem?

21             THE DEFENDANT:  No.

22             THE COURT:  In the last 24 hours have you taken any

23   narcotics, drugs, medicine, pills or alcohol?

24             THE DEFENDANT:  No.

25             THE COURT:  Have you ever in your life been

Case 1:08-cr-00798-DLI   Document 419   Filed 10/26/09   Page 7 of 23 PageID #: 952

7

1   hospitalized or treated for drug or alcohol abuse or a mental

2   or emotional problem?

3            THE DEFENDANT:  Well, I was stopped once for a DUI.

4            THE COURT:  Did you ever receive medical attention

5   for a chronic alcohol or drug or psychiatric problem?

6            THE DEFENDANT:  No.

7            THE COURT:  Is your mind clear today?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Do you feel healthy, focused and alert?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Counsel, have you reviewed the matter of

12   pleading guilty carefully with your client?

13           MR. FEITELL:  Yes, we have.

14           THE COURT:  Does he in your judgment understand the

15   rights he'll be waiving if he tenders a guilty plea?

16           MR. FEITELL:  Yes, he has full comprehension.

17           THE COURT:  Is he in your judgment capable of

18   understanding this proceeding?

19           MR. FEITELL:  Yes.

20           THE COURT:  Do you have any doubt about his

21   competence to offer a guilty plea at this time?

22           MR. FEITELL:  None, Your Honor.  We discussed this

23   thoroughly.

24           THE COURT:  Have you alerted him to the maximum and

25   minimum sentence and fine that might be imposed, discussed with

8

1   him the likely operation of the sentencing guidelines and

2   alerted him to the collateral consequences of conviction?

3            MR. FEITELL:  We have done all of these things.

4            THE COURT:  Thank you, sir.  Mr. Caraballo, have you

5   had enough time to go over your case very carefully with Mr.

6   Feitell and have you done that?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Are you satisfied to have it be Mr.

9   Feitell who is defending you in this case?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Have you received a copy of what we call

12   the superseding indictment where the charges against you are

13   set forth in writing?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Have you reviewed that indictment

16   carefully with Mr. Feitell with the aid of an interpreter and

17   do you understand what you're accused of in it?

18           THE DEFENDANT:  Yes.

19           THE COURT:  In Count One you are charged with

20   knowingly and intentionally conspiring or agreeing to work

21   together with others to possess with the intent to distribute

22   and to distribute more than five kilograms of cocaine between

23   September of 2007 and October of 2008.  Do you understand what

24   you are accused of in Count One of the superseding indictment?

25           THE DEFENDANT:  Yes.

9

1          THE COURT:  You have a right to plead not guilty to

2    that charge and all of the other charges pending against you.

3    That is your right even if you committed the crimes of which

4    you are accused.  It is never lying or misleading the Court to

5    plead not guilty.  Every defendant has that right.  Is that

6    clear?

7          THE DEFENDANT:  Yes.

8          THE COURT:  If you were to plead not guilty, then

9    under the Constitution and laws of the United States you would

10   be entitled to a speed and public trial by a jury with the

11   assistance of your lawyer on all pending charges against you.

12   Is that clear?

13         THE DEFENDANT:  Yes.

14         THE COURT:  At your trial you would be presumed to be

15   innocent.  The prosecution would be required to overcome the

16   presumption of innocence and to prove that you were guilty by

17   competent evidence and beyond a reasonable doubt.  You would

18   have no responsibility at your trial to prove that you were

19   innocent.  If the prosecution failed to prove that you were

20   guilty beyond a reasonable doubt the members of the jury would

21   have the duty to return a verdict of not guilty and Judge

22   Irizarry would instruct them accordingly.  Is that clear?

23         THE DEFENDANT:  Yes.

24         THE COURT:  That is why juries sometimes find

25   defendants not guilty even when the jurors believe that the

10

1  defendant probably did commit the crimes he's charged with.

2  Probably is not enough for a conviction.  So when a jury

3  returns a verdict of not guilty they do so not necessarily

4  because they believe the defendant is innocent but because they

5  understand that they may not convict unless convinced of a

6  defendant's guilty beyond a reasonable doubt.  Is that clear?

7          THE DEFENDANT:  Yes.

8          THE COURT:  If you were to proceed to trial, then

9  during your trial the prosecution witnesses would be required

10 to come into the courtroom and to present their testimony

11 against you right in front of you and your attorney.  Your

12 lawyer would have the right to question the prosecution

13 witnesses on cross-examination, your lawyer would have the

14 right to raise objections to evidence the prosecutor attempted

15 to offer and you and your lawyer, working together, would have

16 the right to present witnesses, present evidence and make

17 arguments to the jury during the course of the trial in your

18 defense.  Is that clear?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  At your trial you, yourself, would have

21 the right to testify as a witness in your own defense if you

22 made that choice.  No one, however, could make you testify at

23 the trial against your will.  That is because the Constitution

24 of the United States provides that no one may be compelled to

25 say anything that is self-incriminating.  If your choice was

11

1  not to testify in your own defense at your trial Judge Irizarry

2  would instruct the members of the jury that they could not take

3  your decision to remain silent into account or hold it against

4  you in any way when they decided what their verdict should be.

5  Is that clear?

6            THE DEFENDANT:  Yes.

7            THE COURT:  On the other hand, if you tender a plea

8  of guilty and Judge Irizarry decides that it should be accepted

9  you will as a result be giving up your constitutional right to

10  trial and all of the other rights I've told you about today.

11  There will be no further trial of any kind in this case.  You

12  will have no right to appeal from the judgment of guilt that

13  will be entered against you.  Judge Irizarry will essentially

14  convict you and find you guilty based upon your admission of

15  guilt in my courtroom this afternoon and that will free the

16  prosecutor of any responsibility to prove what you did.  Is

17  that clear?

18            THE DEFENDANT:  Yes, sir.

19            THE COURT:  If you were to proceed to trial and you

20  were found guilty by the jury's verdict you would have a right

21  to take an appeal and ask a higher court to review the legality

22  of all the proceedings that led up to your conviction but when

23  you offer a plea of guilty your conviction is based upon the

24  words that you, yourself, chose to say.  In that circumstance

25  there is no right to appeal from the conviction that results.

1   Do you understand?

2   THE DEFENDANT:  Yes.

3   THE COURT:  If you plead guilty I will have to ask

4   you questions about what you did so that Judge Irizarry and I

5   can be satisfied that your plea of guilt is based on facts that

6   really took place.  You do not have to answer my questions

7   unless you want to go forward with your guilty plea.  If you do

8   answer my questions and you admit your involvement in

9   distributing narcotics you will be giving up your

10  constitutional right not to say anything self-incriminating.

11  Is that clear?

12  THE DEFENDANT:  So then you'll ask me questions and I

13  have to say what I've done?

14  THE COURT:  If you want to go forward with your plea

15  of guilty, that's correct.

16                  [Pause in proceedings.]

17  THE COURT:  Are we clear?

18  THE DEFENDANT:  Yes.

19  THE COURT:  Do you still want to give up your right

20  to trial and all the other rights I've told you about?

21  THE DEFENDANT:  Well, I do want to plead guilty.

22  THE COURT:  Well, that's not really an answer to my

23  question.  By pleading guilty you will be giving up all of the

24  rights that I've told you about today including the right to

25  remain silent, the right not to have your silence held against

13

1  you, the right to require the prosecution to establish your

2  guilt beyond a reasonable doubt to the satisfaction of a

3  unanimous jury, the right to call witnesses, the right to

4  confront witnesses against you and all of the other rights I've

5  told you about will be lost.  The right to appeal will be lost

6  if you go forward with a guilty plea.  Knowing now that you

7  will be surrendering all of those rights that I have told you

8  about today do you still wish to go forward with your guilty

9  plea?

10              THE DEFENDANT:  Yes, that's correct.

11              THE COURT:  I am told you are making this decision

12  pursuant to the terms of a written agreement.  That agreement

13  has been marked as Court Exhibit 1.  It has a handwritten

14  amendment, changing a date from a July date to today's date,

15  but otherwise it's typed and it is signed on the final page.

16              Mr. Caraballo, directing your attention to the final

17  page, do you see your signature there?

18              THE DEFENDANT:  Yes.

19              THE COURT:  Before you signed this document was it

20  read to you in Spanish?

21              THE DEFENDANT:  Yes.

22              THE COURT:  Was it explained to you carefully by your

23  lawyer?

24              THE DEFENDANT:  Yes.

25              THE COURT:  Did you understand what you signed?

14

1         THE DEFENDANT:  Yes.

2         THE COURT:  Do you have any questions about your

3  agreement you would like to ask me or discuss privately with

4  your attorney?

5         THE DEFENDANT:  No.

6         THE COURT:  Does your written agreement contain a

7  full, complete, accurate statement in writing of everything you

8  and the prosecution have agreed to concerning your case?

9         THE DEFENDANT:  Yes.

10        THE COURT:  Has anyone promised you anything in

11  return for your guilty plea that is not written down in your

12  agreement?

13        THE DEFENDANT:  No.

14        THE COURT:  Mr. Feitell, I know you're trying to be

15  helpful.  I'd so much appreciate your client's answers.

16        May I have the agreement back?  Thank you.

17        The agreement says that you wish to plead guilty to a

18  lesser included offense within Count One accusing you of

19  knowingly and intentionally conspiring to distribute more than

20  500 grams of cocaine.  Do you understand that?

21        THE DEFENDANT:  Yes.

22        THE COURT:  The law that you're accused of violating

23  or that you have agreed to plead guilty to violating -- excuse

24  me -- requires the Judge to sentence you to prison for at least

25  five years and authorizes a prison term of up to forty years.

15

1  Do you understand?

2            THE DEFENDANT:  A-ha.

3            THE COURT:  Does that mean yes?

4            THE DEFENDANT:  Yes.  Yes.

5            THE COURT:  The statute also requires that the Judge

6  sentence you to a term of supervised release of at least four

7  years and authorizes a term of supervised release as long as

8  the rest of your life.  Do you understand?

9            THE DEFENDANT:  Yes.

10            THE COURT:  Supervised release is a period of time.

11  It will start to run only when you finish completing whatever

12  prison sentence Judge Irizarry imposes.  At that point you will

13  be released from physical custody but you will not be entirely

14  free because you will be subject to the rules of supervised

15  release.  If you remain in the United States there will be so

16  many rules to follow that I cannot list them all for you.  They

17  will include but they will not be limited to restrictions on

18  your right to travel freely and requirements that you report on

19  a regular basis to a Probation officer, follow that officer's

20  instructions and answer that officer's questions.  Whether you

21  remain in the United States or not -- and I do alert you that

22  you are almost certainly going to be deported upon the

23  completion of your prison term -- you will be subject to

24  another rule that prohibits you from committing any crime

25  whatsoever while on supervised release and if you break any

16

1  supervised release rule you could be arrested and brought back

2  before this Court on this drug charge and sent back to prison

3  to serve a new term of up to three years on this drug charge

4  with no credit for the time you spent serving your original

5  sentence or while your freedom was restricted in supervised

6  release.  Is that clear?

7           THE DEFENDANT:  Yes.

8           THE COURT:  You could be fined as much as $2 million

9  and you will be required to pay a special assessment of $100.00

10 at or about the time of your sentence.  Is that clear?

11          THE DEFENDANT:  Say that again, please?

12          THE COURT:  Yes.  The maximum fine is $2 million.

13 Separate and apart from any fine there will be a mandatory

14 $100.00 assessment that you must pay at or about the time you

15 are sentenced.  Do you understand me now?

16          THE DEFENDANT:  I must pay $100.00?

17          THE COURT:  You will definitely have to pay $100.00

18 and separate and apart from that the Judge may fine you

19 anywhere from nothing up to $2 million.  Do you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Your plea of guilty will be grounds to

22 deport you from the United States -- do you want me to start

23 again?

24          MR. FEITELL:  Would you start that sentence over?

25          THE COURT:  Yes.

17

1          MR. FEITELL:  Thank you, Your Honor.

2          THE COURT:  Your plea of guilty will be grounds for

3    your deportation in the United States and anything you admit in

4    my courtroom this afternoon may be used against you in any

5    proceedings that might be held to determine your right to

6    remain in or ever return to the United States.  Is that clear?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Then I want to discuss with you what we

9    call the sentencing guidelines.  These guidelines will be

10   calculated by Judge Irizarry and will provide her with a range

11   of months within which the law will urge your sentence is set.

12   Have you had the opportunity to discuss these guidelines and

13   how they are likely to effect your sentence with your lawyer?

14         THE DEFENDANT:  Yes.

15         THE COURT:  The prosecutor estimates that Judge

16   Irizarry will decide your guideline range to be 60 to 71

17   months.  That's just a prediction.  The final calculation is up

18   to Judge Irizarry.  It is not possible for her under the law to

19   decide on a lower guideline range as a practical matter because

20   the statute requires a minimum sentence of five years of

21   imprisonment but it is possible that the Judge, when she makes

22   her own calculation, will decide on a longer guideline range.

23   Do you understand that?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Judge Irizarry won't make her guidelines

18

1    determination until after reviewing a document we call a

2    presentence report.  That report has not yet been written.

3    Once it is prepared you and your lawyer and the prosecutor will

4    be permitted to read it.  You will then have the opportunity to

5    appear before Judge Irizarry and you may then tell her if there

6    is anything in the report with which you disagree.  That's when

7    Judge Irizarry will decide the guidelines and as I've

8    instructed you she might decide that an even longer guideline

9    range than the one predicted by the prosecutor is the accurate

10   one in your case.  Moreover, even after the Judge decides what

11   the guidelines should be the Judge has the authority to

12   determine that your case warrants a sentence outside the

13   guidelines, your sentence cannot be less than five years but it

14   could be even longer than the guideline range that Judge

15   Irizarry calculates.  Is that clear?

16              THE DEFENDANT:  Yes.

17              THE COURT:  You may have heard of parole which is --

18   excuse me.  No matter what sentence you receive you will not

19   have a basis for challenging your guilty plea or your

20   conviction.  In fact, if you receive a prison sentence of 78

21   months or less you may not challenge any aspect of the Court's

22   judgment.  Even if your sentence exceeds 78 months of

23   incarceration you would not be permitted to withdraw your

24   guilty plea or raise a legal challenge to your conviction on

25   that basis.  The only right you would have would be to

19

1  challenge the length of this sentence Judge Irizarry imposed.

2  Is that clear?

3                THE DEFENDANT:  Yes.

4                THE COURT:  You may have heard of parole which is a

5  program of early release from a prison sentence but there is no

6  parole in federal court, only in state court, and this is a

7  federal court proceeding, you will be sentenced by a federal

8  judge to serve time in a federal prison and you will not be

9  released early from your sentence on parole.  Do you understand

10 me?

11               THE DEFENDANT:  Yes.

12               THE COURT:  Do you have any question you would like

13 to ask me about the charges against you, the rights you're

14 being asked to surrender, the penalties you face or anything

15 else before we proceed?

16                    [Off the record.]

17               THE COURT:  The record will reflect that the

18 defendant had a private conversation with his attorney with the

19 aid of the interpreter.

20               Mr. Caraballo, is there anything you would like to

21 ask me about the charges, the rights you're being asked to

22 waive, the penalties you face or anything else?

23               THE DEFENDANT:  No.

24               THE COURT:  Is everything I've told you today clear?

25               THE DEFENDANT:  Yes.

20

1          THE COURT:  Are you ready to enter your plea?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Mr. Feitell, do you know of any reason

4    why your client should not tender the plea of guilty

5    contemplated by his agreement?

6          MR. FEITELL:  I know of no such reason.

7          THE COURT:  Thank you, counselor.

8          Mr. Caraballo, with respect to the lesser included

9    offense within Count One of the superseding indictment accusing

10   you of knowingly and intentionally conspiring to distribute

11   more than 500 grams of cocaine between September 2007 and

12   October 2008 how do you plead?  Guilty or not guilty?

13         THE DEFENDANT:  Guilty.

14         THE COURT:  Are you pleading guilty voluntarily and

15   of your own free will?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Have you been threatened or forced by

18   anyone to make this guilty plea?

19         THE DEFENDANT:  No.

20         THE COURT:  Have you been promised anything that is

21   not clearly stated in writing in your plea agreement in return

22   for your guilty plea?

23         THE DEFENDANT:  No.

24         THE COURT:  Have you been promised what sentence

25   Judge Irizarry will impose?

21

1          THE DEFENDANT:  No.

2          THE COURT:  What did you do that makes you guilty of

3  this offense?

4          THE DEFENDANT:  Well, I don't want to go to trial.

5          THE COURT:  Did you sell cocaine?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Where did you sell cocaine?

8          THE DEFENDANT:  Brooklyn.

9          THE COURT:  Did you work with other people to sell

10  cocaine?

11          THE DEFENDANT:  Yes.

12          THE COURT:  You were part of a group of people

13  working together to sell cocaine?

14          THE DEFENDANT:  Yes.

15          THE COURT:  When you made the sales did you know that

16  it was cocaine that you were selling?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Did you make these sales during the last

19  part of 2007 and the first part of 2008?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Did you sell as much as 500 grams of

22  cocaine or more?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Is there anything further the Government

25  would have me inquire of the defendant?

22

1          MR. FRANK:  No, that was satisfactory, Your Honor

2          THE COURT:  Based on the information provided to me I

3    find that the defendant is acting voluntarily, that he fully

4    understands his rights and the consequences of his plea and

5    that there is a basis in fact for it and I, therefore,

6    recommend that Judge Irizarry accept the defendant's plea of

7    guilty to the lesser included offense within Count One

8    described in his agreement.

9          The sentencing date will be set by the Probation

10   Department.

11         Between now and then, Mr. Caraballo, you are going to

12   be interviewed by a Probation officer.  The purpose of the

13   interview will be to help the officer prepare the report upon

14   which Judge Irizarry will rely when she determines your

15   sentence.  It is, therefore, critical that you be cooperative

16   and candid with the officer during his or her interview of you.

17         Is there anything further for my attention today?

18         MR. FRANK:  Not from the Government, Your Honor.

19         THE COURT:  I see the defendant is on bail.  Is bail

20   to be continued?

21         MR. FRANK:  We have no objection to that, Your Honor.

22         THE COURT:  Bail continued.  Anything else?

23         MR. FEITELL:  Nothing further from the defense.

24         THE COURT:  Have a wonderful afternoon.

25                         *  *  *  *  *

23

1                          * * * * *

2         I certify that the foregoing is a transcript from an

3    electronic sound recording of the proceedings in the above-

4    entitled matter.

5

6    _____

7                          CARLA NUTTER

8

9    Dated:  October 24, 2009

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25