

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AB:AEG
F.#2008R00311

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

August 6, 2010

By Hand and ECF

The Hon. Dora L. Irizarry
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:  United States v. Wilfrido Caraballo
         Criminal Docket No. 08-798 (S-1)(DLI)

Dear Judge Irizarry:

      The government respectfully submits this letter in opposition to the defendant's request for a non-Guidelines sentence.  The government respectfully requests that the Court impose a sentence within the advisory Guideline range of 46 to 57 months' incarceration.  The defendant is scheduled to be sentenced on August 13, 2010.

I.    Background

      On October 1, 2009, pursuant to a plea agreement, the defendant pleaded guilty to a lesser-included offense of Count One of the indictment, charging him with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846.  (Presentence Investigation Report ("PSR") ¶ 1).

      In the spring of 2007, the defendant began to sell cocaine that he acquired from his co-defendant Rolando Vasquez.  (PSR ¶ 55).[1]  At times the defendant also purchased cocaine from other suppliers.  (PSR ¶ 59).  The defendant began buying and selling small quantities but eventually expanded to 50- and 100-

---

[1] The PSR is unclear about the timing of the defendant's admissions concerning his conduct.  (PSR ¶¶ 55).  In his initial post-arrest statement on October 10, 2008, the defendant denied using, purchasing or selling illegal narcotics.  In his safety-valve proffer on July 21, 2009, the defendant made the admissions noted in the PSR.

gram transactions.  (PSR ¶ 56).  The defendant also brokered a one-kilogram transaction between Vasquez and another supplier and attempted to broker a second such transaction.  (PSR ¶ 58). Finally, the defendant also brokered smaller transactions on Vasquez's behalf.  (PSR ¶ 61).

      The defendant was arrested on October 10, 2008.  (PSR ¶ 53).  The defendant was released on bail on October 16, 2008. On November 25, 2009, the defendant was charged in Kings County Criminal Court with assault with intent to cause injury following an altercation with his common-law wife.  (PSR ¶¶ 90-91). Although the defendant's common-law wife denied that the defendant had struck her, the defendant admitted that he had pushed her.  (PSR ¶ 91).  The defendant reports that the charge has been dismissed (Br. 2), and the government has no information to the contrary.

      As contemplated by the plea agreement and described in the PSR, the defendant's total offense level before his safety-valve proffer was 25, and his Criminal History Category is I. (PSR ¶¶ 78-89).  Following his successful safety-valve proffer, his total offense level is 23, resulting in a Guideline range of 46 to 57 months' incarceration.  The defendant argues that he should receive a sentence below the applicable Guidelines range, primarily because, he contends, his admissions at his safety-valve proffer increased his Guidelines range.  (Br. 3, 6-7).  For the reasons discussed below, this argument is meritless.

II.   Argument

    A.   Legal Standard

      "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted).  "Even after Gall and [Kimbrough v. United States, 552 U.S. 85 (2007)], sentencing judges, certainly, are not free to ignore the Guidelines, or to treat them merely as a body of casual advice."  United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Next, a sentencing judge should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guidelines range is reasonable.  He must make an individualized assessment based on the facts presented."  Gall, 552 U.S. at 49-50 (citation and footnote omitted).  "'When a factor is already included in

the calculation of the [G]uidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the [G]uidelines calculation.'" United States v. Sindima, 488 F.3d 81, 87 (2d Cir. 2007) (citation omitted, alterations in Sindima). When a district court imposes a sentence outside the recommended Guideline range, it "'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" Cavera, 550 F.3d at 189 (quoting Gall, 552 U.S. at 50).

    B.    A Guideline Sentence is Appropriate

        1.    Section 3553(a)(1): Nature and Circumstances of the Offense

As noted above, the defendant engaged in increasingly large cocaine transactions over the course of a year and a half, stopping only when he was arrested. The defendant also brokered one one-kilogram transaction and attempted to broker a second one. Finally, although the charge was apparently dismissed, while on pre-trial release following his arrest, the defendant was arrested for assaulting his common-law wife. All of these facts weigh against a non-Guidelines sentence.

The defendant asserts that, during his safety-valve proffer, he admitted to responsibility for a quantity of cocaine greater than the government had previously intended to attribute to him. (Br. 3, 6-7). As a result, he requests a sentence at the bottom of the Guideline range that would apply absent the allegedly increased culpability caused by his admissions. (Br. 7). Copies of the plea agreements offered to the defendant in the government's files indicate that he was offered a plea agreement incorporating a lower base offense level following his safety-valve proffer. The government does not recall the reason for this revision. It appears, however, that the defendant's statements at his safety-valve proffer convinced the government that he was responsible for less cocaine -- not more -- than the government had previously thought. Therefore, the defendant is not entitled to any further reduction.[2]

---

[2] The government has spoken to defense counsel about this issue and expects that defense counsel will file an additional submission withdrawing the claim that the safety-valve proffer increased the defendant's Guidelines range.

>    2.   Section 3553(a)(1): History and Characteristics of the Defendant

Th defendant notes that he is likely to be deported as a result of this conviction. (Br. 6). Many defendants face this circumstance, and they are not all entitled to lesser sentences as a result of it. The defendant points to no unusual harshness of his own situation. Therefore, he is not entitled to a non-Guidelines sentence. See United States v. Vera Ramos, 296 Fed. Appx. 201, 203 (2d Cir. 2008) (summary order) (affirming Guideline sentence and noting district court's observation that defendant's personal circumstances are "almost universal" among defendants facing similar charges).

>    3.   Section 3553(a)(2): The Need for the Sentence Imposed

In this case, a Guideline sentence would reflect the seriousness of the offense, deter criminal conduct, and protect the public from further crimes by the defendant.

>    4.   Sections 3553(a)(3) and (a)(4): The Kinds of Sentences Available and the Applicable Guideline Range

The defendant is subject to a maximum sentence of 40 years' incarceration and to no mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(B)(ii)(II). The applicable Guideline range is 46 to 57 months' imprisonment.

>    5.   Other Section 3553(a) Factors

The other factors identified in 18 U.S.C. § 3553(a) are not relevant to the case at hand. See 18 U.S.C. §§ 3553(a)(5) (pertinent policy statements), 3553(a)(6) (the need to avoid unwanted disparities), and 3553(a)(7) (restitution).

4

III. Conclusion

     For the foregoing reasons, the Court should impose a sentence within the applicable Guideline range of 46 to 57 months' incarceration.

                                  Respectfully submitted,

                                  LORETTA E. LYNCH,
                                United States Attorney

                      By:       /s/
                                Andrew E. Goldsmith
                                Assistant U.S. Attorney
                                (718) 254-6498

cc:   Lawrence K. Feitell, Esq. (by facsimile)
      Roberta Houlton, U.S. Probation Officer (by hand)